IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOSEPH D. AMRINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-4300-CV-C-NKL |
| | ) | |
| GEORGE BROOKS, | ) | |
| THOMAS J. BROWN, | ) | |
| JOHN C. HEMEYER, and | ) | |
| RICHARD LEE | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On February 6, 2007, the Court granted summary judgment in favor of all Defendants [Doc. # 192] and denied Plaintiff Joseph D. Amrine's ("Amrine") Motion to Amend Complaint [Doc. # 193]. Amrine has since filed a timely Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Doc. # 198] arguing two points of error: (1) that the Court should not have found Amrine's arrest for the murder of Gary Barber was supported by probable cause since probable cause also existed to arrest Terry Russell for the same crime, and (2) that the Court should have allowed Amrine to amend his complaint to add a count for violation of his substantive due process rights. The Motion is denied as to both points

**I.      Probable Cause**

"Rule 59(e) motions serve a limited function of correcting manifest errors of law

1

or fact or to present newly discovered evidence." *Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Amrine's probable cause argument is in substantial part a rehashing of the arguments and evidence raised in his opposition to summary judgment, with a few novel twists. He argues, for example, that there could not have been probable cause for Amrine's arrest and prosecution because probable cause also existed as to Terry Russell. The Court is unaware of any authority, and Amrine does not cite any, which stands for the proposition that probable cause cannot exist simultaneously as to two different suspects. Essentially, Amrine's position is that, where two suspect's involvement in a crime is mutually exclusive, the police have an obligation to completely dispel probable cause as to one of the two before arresting the other. The Court sees no basis in logic or in law to impose such an obligation on police when there is probable cause as to two suspects. *See Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999) ("An officer need not conduct a mini-trial before making an arrest, but probable cause does not exist when a minimal further investigation would have exonerated the suspect."). The Fourth Amendment does not guarantee that only the guilty will be arrested. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Rather, it requires only that a reasonable officer, acting on all the information the arresting officer had or could have had after a reasonable investigation, would have been warranted in the belief that the suspect committed the crime alleged. *United States v.*

2

*Brown*, 49 F.3d 1346, 1349 (8th Cir. 1995).

After lengthy consideration of the record in this case, the Court determined that the Defendants were warranted in their belief that Amrine had killed Barber. Even assuming the Defendants also could or should have developed a reasonable basis to believe that Russell was the killer, there is nothing in the record suggesting that Amrine and Russell could not have collaborated. Both Amrine and Russell were involved in the argument with Barber two weeks earlier and, as Amrine admits in his motion, both had a motive to kill him. Thus, even if the Court were to adopt Amrine's rule precluding mutually exclusive probable cause, he has not offered any evidence of mutual exclusion in this case.

Moreover, the Court granted summary judgment on the basis of qualified immunity. Qualified immunity from suit for Fourth Amendment violations requires only a showing of *arguable* probable cause. *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000) ("[L]aw enforcement officers are entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so–provided that the mistake is objectively reasonable.") (*quoting Hunter v. Bryant*, 502 U.S. 224, 228-29 (1991)). "The issue for immunity purposes is not probable cause in fact but arguable probable cause." *Id.* Thus, even if the Court were to adopt Amrine's unprecedented argument that probable cause could not have existed as to both Amrine and Russell at the same time, and that there was more probable cause to believe Russell committed the crime, the Court still concludes there would have been arguable probable cause as to

3

Amrine for the reasons stated in the Court's summary judgment order. Amrine's Rule 59(e) motion is therefore denied as to his first point of error.

## II. Amending the Complaint to Add a Substantive Due Process Claim

Amrine filed his original Complaint in December 2004 alleging three counts for "Violation of Procedural Due Process," conspiracy, and malicious prosecution, which he amended once before the Defendants answered. The deadline for further amendments was on November 18, 2005. On August 4, 2006, Defendant Brooks moved for summary judgment on all counts, including the procedural due process claim. In his Suggestions in Support, Brooks noted that Amrine did not plead a substantive due process claim. The following week, more than nine months after the deadline to amend pleadings had passed, Amrine requested leave to file a Second Amended Complaint adding some additional paragraphs related to his damages. He noted in that motion that no new cause of action was requested. Based on this representation, the Court granted leave. As with the two earlier Complaints, Count I of the Second Amended Complaint alleged only "Violations of Procedural Due Process" and made no mention of substantive due process. Similarly, in his Suggestions in Opposition to Defendants' Summary Judgment Motions, Amrine did not challenge Defendant Brooks's assertion that he had not pleaded a substantive due process claim.

After full briefing on the summary judgment motions, Amrine was granted leave to file a surreply in which he referenced for the first time the Eighth Circuit's opinion in *Wilson v. Lawrence County, Missouri,* 260 F.3d 946 (8th Cir. 2001), a substantive due

4

process case involving reckless police investigation. However, not until the Court requested oral argument on the summary judgment motions on January 23, 2007, barely more than six weeks before trial was set to begin, did Amrine suggest to the Court or Defendants that he believed his evidence supported a substantive due process claim as well as a procedural one. Three days later, Amrine moved for leave to file a Third Amended Complaint which would delete the word "Procedural" from the caption on Count I and add two paragraphs, neither of which mentioned substantive due process. In other words, his suggested Third Amended Complaint did not add any counts; it merely made the due process claim less specific than it had been so as to encompass both substantive and procedural due process. Other than the references to *Wilson* in Amrine's surreply, none of the parties had briefed substantive due process in any dispositive motion.

The Court denied Amrine's Motion to Amend, finding it untimely, prejudicial, and futile. *See United States ex rel. v. St. Luke's Hosp., Inc*., 441 F.3d 552, 557 (8th Cir. 2006) ("denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party"). Amrine had multiple opportunities to amend his complaint, each time neglecting to add a substantive due process claim, even after opposing counsel pointed out that he had not raised such a claim. He offered no excuse for such an extreme delay, and granting his motion would have either required striking the trial date or denying the Defendants an opportunity to avoid trial with dispositive motions. More importantly, Amrine's proposed

5

amendment would have been futile because no reasonable juror could have found on the evidence before the Court that Defendants' investigation was so reckless as to "shock the conscience." *See Moran v. Clarke*, 296 F.3d 638, 646 (8th Cir. 2002); *Wilson v. Lawrence County*, 260 F.3d 946, 955 (8th Cir. 2001).

In his Motion to Alter or Amend Judgment, Amrine essentially refers the Court once again to *Moran* and *Wilson* and asks the Court to take another look. Having now done so, the Court concludes its previous ruling was not in error. The Motion is denied as to the second point as well.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) [Doc. # 198] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATE: May 4, 2007
Jefferson City, Missouri